UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONATHAN W. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>HARNER and CROOK,<br><br>Defendants. | CAUSE NO. 3:26-CV-426-TLS-JEM |

OPINION AND ORDER

Jonathan W. Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The allegations in Johnson's amended complaint are not materially different from those in Johnson's earlier complaint. Johnson alleges that, on March 5, 2026, he was released from his cell when floors that had been recently mopped remained wet and slippery. He slipped on the wet floors and fell on his left knee, resulting in injuries.

As already explained (ECF 4 at 1-2), the Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to "an

excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). On the second prong, the plaintiff must allege that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a Constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Johnson alleges only that he slipped and fell after the floor was cleaned because some water remained on the floor. He is suing Deputy Harner and Deputy Crook for their negligence in either failing to ensure the floor was dry or allowing Johnson to leave his cell before the floor was dry. These allegations are insufficient to state a claim. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("[S]lippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Perkins v. Atrisco*, No. 3:22-CV-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("[F]ederal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims.").

The amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here, where Johnson has already had one opportunity to amend his complaint and his amended complaint does not address the deficiencies explained in this court's order.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A[1] because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on November 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

[1] This court could have also dismissed this case for Johnson's failure to resolve his filing fee status following his release (ECF 11), but because Johnson filed an amended complaint, the court has instead resolved this case on the merits.